IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Lorena Hernandez,
individually and as next friend
of E.D.H., a Minor,

        Plaintiffs,

v.                                    Case No. 12-1399-JWL

Cooper Tire & Rubber Co.; Mary Belle
Hernandez; and Heriberto Gomez d/b/a/
Gomez Custom Wheels,

        Defendants.

## MEMORANDUM & ORDER

Plaintiffs filed a petition in state court for damages arising out of a single-vehicle automobile accident that occurred on August 27, 2011. Plaintiffs, who are sisters and Kansas citizens, were passengers in a vehicle driven by their older sister, defendant Mary Belle Hernandez, who is also a Kansas citizen and the only non-diverse defendant. In their petition, plaintiffs contend that, as Ms. Hernandez was driving, the tread unexpectedly separated from the vehicle's right rear tire and that the vehicle ultimately rolled over several times. According to plaintiffs, they suffered injuries during the rollover sequence. In their petition, plaintiffs assert causes of action against defendant Cooper Tire & Rubber Company ("Cooper") for products liability and negligence, alleging that Cooper designed, manufactured and sold the allegedly defective tire and that Cooper failed to adequately test and inspect the tire and failed to adequately warn consumers about the dangerous characteristics of the tire. Plaintiffs also assert claims for negligence against Ms. Hernandez alleging that Ms. Hernandez negligently failed to

control the vehicle during the "tire detread" event and breached her duty to use ordinary care in selecting the proper tire sizes and types for her vehicle. Finally, plaintiffs asserted claims against defendant Heriberto Gomez, alleging that he breached his duty to use ordinary care when he mounted four tires on the vehicle which were not all the same size.

After receiving plaintiffs' expert disclosures, defendant Cooper Tire & Rubber Company ("Cooper") removed the case to this court on the grounds that those disclosures reflect that plaintiffs have effectively abandoned their claims against Ms. Hernandez and Mr. Gomez or that plaintiffs improperly joined those defendants such that Ms. Hernandez's citizenship should be disregarded in determining diversity. This matter is now before the court on plaintiffs' motion to remand (doc. 17) in which plaintiffs contend that Cooper's removal was improper. As explained in more detail below, plaintiffs' motion to remand is granted. In granting that motion, the court finds that Cooper's removal was defective because it failed to obtain the consent of Mr. Gomez and, thus, declines to address the remaining issues raised by the parties' submissions.[1]

The removal statute provides that a "notice of removal shall be filed within 30 days after the receipt by the defendant  through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). But the statute "allows a little play in the joints when it may not be apparent at the outset that a proceeding can be removed." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012). Specifically, 28 U.S.C. § 1446(b)(3) permits removal within 30

---

[1] The court denies plaintiffs' request for fees incurred as a result of Cooper's removal as Cooper presented colorable arguments in its notice of removal. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004) (fees incurred as a result of removal may be denied where the defendant had a "fair basis" for removing the case).

2

days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Cooper filed its notice of removal within 30 days of its receipt of plaintiffs' expert reports which Cooper contends constitute "other papers" under § 1446(b)(3). Plaintiffs do not dispute that the "other paper" language of § 1446(b)(3) may include an expert report. *See Flink v. Regis Corp.*, 2012 WL 601449, at *5 (W.D. La. Feb. 22, 2012) (expert report qualifies as "other paper" under § 1446(b)(3)); *Maxwell v. E-Z-Go*, 843 F. Supp.2d 1209, 1216 (M.D. Ala. 2012) (expert designations qualify as "other paper" for purposes of removal statute).

It is undisputed that Cooper has not satisfied the requirement that each defendant consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."). Specifically, Cooper has not obtained the consent of either Ms. Hernandez or Mr. Gomez prior to filing its notice of removal. Cooper contends that it does not need the consent of these defendants when plaintiffs have abandoned their claims against them or have improperly joined them in the first instance. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (unanimity rule is "nonsensical" when the removing party contends that a co-defendant is improperly joined because removal is based on the contention that no other proper defendant exists). Putting aside for the moment Cooper's argument that plaintiffs have abandoned their claims against Mr. Gomez, the court concludes that any argument that plaintiffs fraudulently joined Mr. Gomez is misplaced. Fraudulent joinder occurs "when a plaintiff sues a diverse defendant in state court and joins a non-diverse defendant" for the purpose of defeating diversity jurisdiction. *Lafalier v. State Farm Fire &*

3

*Cas. Co.*, 391 Fed Appx. 732, 739 (10th Cir. Aug. 19, 2010); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (joinder is fraudulent when the sole purpose is to "frustrate federal jurisdiction"); *see also Briarpatch Ltd., LP v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) ("The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction."). Mr. Gomez, like Cooper, is a diverse out-of-state defendant. There is no basis, then, to conclude that plaintiffs fraudulently joined Mr. Gomez to defeat diversity jurisdiction.[2]

Thus, unless the court concludes that plaintiffs abandoned their claims against Mr. Gomez through their expert disclosures, Cooper's removal must be deemed defective based on its failure to obtain the consent of Mr. Gomez. The parties here agree that where the plaintiff, "by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable." *Turley v. Stilwell*, 2011 WL 1104543, at *6 (N.D. Okla. Mar. 22, 2011) (quoting *Erdey v. Am. Honda Co.*, 96 F.R.D. 593, 599 (M.D. La. 1983)). As noted by the court in *Turley*, "the technicality of how plaintiff's intention is expressed is of no moment—it is the expression of the intent by plaintiff which makes the case removable." *Id.* (quoting *Erdey*, 96 F.R.D. at 599). Formal dismissal, then, is not required. *See id.* (explaining that a rule requiring formal dismissal would permit a plaintiff to evade federal jurisdiction).

Cooper contends that plaintiffs, through their expert disclosures, have affirmatively disclaimed negligence or fault on the part of Mr. Gomez such that plaintiffs have implicitly

---

[2] Some courts have extended the fraudulent joinder doctrine to diverse, in-state defendants in light of the forum defendant rule—an issue not presented here. *See Morris v. Mid-Century Ins. Co.*, 2012 WL 3683540, at *5 (S.D. Ind. Aug. 24, 2012).

4

dismissed their claims against him or have abandoned their claims against him. The court cannot draw that conclusion from plaintiffs' expert disclosures. Plaintiffs have disclosed the reports of two experts: Troy Cottles, plaintiffs' tire failure expert; and Micky Gilbert, plaintiffs' accident reconstruction expert. In his Tire Failure Analysis Report, Mr. Cottles makes numerous observations which, in his opinion, indicate a manufacturing or design defect in the vehicle's tire and he concludes that Cooper caused these tire irregularities and the tire failure. While Mr. Cottles also eliminated other causes in his opinion such as under-inflation, he does not affirmatively eliminate the theories of negligence asserted by plaintiffs against Mr. Gomez in their petition—Mr. Gomez's mounting of "mismatched" tires on the vehicle. Mr. Gilbert, in his report, concludes that there were no "pre-existing vehicle conditions that caused or contributed to this accident with the exception of the failed tire on the [vehicle]." Mr. Gilbert, however, does not expressly eliminate (or even mention) "mismatched" tires or tire size as a factor in the accident.

According to Cooper, these disclosures absolve Mr. Gomez of any liability for the accident and they place the fault of the accident solely on Cooper as the manufacturer of the allegedly defective tire. Cooper contends that the disclosures, therefore, reflect plaintiffs' intent to abandon their claims against Mr. Gomez. In support of its argument, Cooper relies primarily on *Ramirez v. Michelin North America, Inc.*, 2007 WL 2126635 (S.D. Tex. July 19, 2007). In that case, the plaintiffs alleged that they suffered injuries in an automobile accident caused by a "detread" event. *Id*. at *1. They sued Michelin, the manufacturer of the tire, in state court under theories of products liability and negligence and also sued the driver of the vehicle (plaintiffs'

5

family member) alleging that the driver negligently failed to control the vehicle and negligently failed to properly maintain the tire. *Id*.

After the plaintiffs' depositions, Michelin removed the case to federal court under the "other paper" clause of § 1446(b)(3) arguing that the depositions fatally undermined the plaintiffs' negligence claim against the driver, the only non-diverse defendant. *Id*. at *1-2 & n.4. In analyzing the propriety of Michelin's removal, the district court began with the rule that a case is removable when a plaintiff indicates "a desire to completely abandon the claims against all non-diverse defendants." *Id*. at *3.  After reviewing the deposition testimony of the plaintiffs, the district court concluded that the plaintiffs had unequivocally expressed that they had no intention of prosecuting their negligence claims against the driver. *Id*. at *4. One plaintiff testified that the driver, his son, had "done nothing wrong" and that the negligence allegations were "false." *Id*. He further testified that his son had done "everything correctly" and that he would refuse any money from his son in the event a judgment was entered against his son. *Id*. The driver's mother and sister similarly testified that they did not believe that the driver had done anything wrong to cause the accident. *Id*. at *5.

The district court concluded that the plaintiffs' testimony directly contradicted the allegations in the petition and demonstrated plaintiffs' intent to abandon their negligence claim against the non-diverse defendant. *Id*. While the plaintiffs' counsel made a "conclusory argument" in the motion to remand that the plaintiffs still wished to pursue their claim against the driver, the court rejected that argument in the absence of any sworn testimony or affidavits attempting to contradict or retract the sworn statements in their depositions. *Id*. The court also noted that the plaintiffs had not directed the court to any evidence or actions indicating that the

6

plaintiffs "have a bona fide intent to maintain a negligence action" against the driver. *Id*. The court, then, denied the motion to remand and dismissed the plaintiffs' claim against the non-diverse defendant. *Id*. at *5-6.

The court believes that *Ramirez* is distinguishable from the facts here in at least two significant respects. First, there is no testimony in this case affirmatively stating that Mr. Gomez "did everything correctly" or did "nothing wrong." Indeed, even the expert reports relied upon by Cooper do not affirmatively rule out negligence on the part of Mr. Gomez. Neither expert touches on the issue of mounting "mismatched" tires on the vehicle. While Mr. Gilbert opines that that there were no "pre-existing vehicle conditions that caused or contributed to this accident with the exception of the failed tire on the [vehicle]," that statement leaves open the question of whether mismatched tires may have contributed to the failed tire. Thus, while Cooper is correct that the expert disclosures do not contain any facts that indicate any negligence on the part of Mr. Gomez, those disclosures do not foreclose that possibility and they certainly do not reflect an intention to abandon the claims against Mr. Gomez. Second, unlike *Ramirez*, discovery here has not yet closed and there remain significant gaps in that discovery—including the depositions of the plaintiffs and Mr. Gomez. Mr. Gomez could admit in his deposition that the tires he mounted on the vehicle did not match in size and he may shed light on whether "mismatched" tires on a vehicle affect a tire's performance.

For the foregoing reasons, the court cannot conclude that plaintiffs' expert disclosures "definitely indicate[] [an] intention to discontinue the action" as to Mr. Gomez. *See Turley*, 2011 WL 1104543, at *6 (quoting *Erdey,* 96 F.R.D. at 599). Because Cooper has not shown that Mr. Gomez is not a proper defendant in this action, it was required to obtain his consent

7

8

prior to removal.  Having failed to do so, the removal is defective and the motion to remand is granted.  *See* 28 U.S.C. § 1446(a)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to remand (doc. 17) is granted and this case is remanded to the 18th Judicial District, District Court of Sedgwick County, Kansas.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2013, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge